IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:23-cv-205

OLD REPUBLIC INSURANCE COMPANY,

    Plaintiff,

v.

TRADEWIND FLIGHT SERVICES, INC.; D2 GOVERNMENT SOLUTIONS, INC.; DARRYL CENTANNI; and DAVID RICKER,

    Defendants.

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Old Republic Insurance Company ("Old Republic"), by and through its undersigned counsel, hereby makes its Complaint for Declaratory Relief brought on the authority of Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. §§ 2201-2202, and alleges and says as follows:

**PRELIMINARY STATEMENT**

1. Pursuant to 28 U.S.C. § 2201, Old Republic seeks a declaratory judgment concerning the rights, obligations, and liabilities of the parties to this action under certain insurance policies issued by Old Republic to Defendant Tradewind Flight Services, Inc. ("Tradewind") with respect to a lawsuit currently pending in the General Court of Justice, Superior Court Division, of Craven County, North Carolina. Old Republic seeks a declaration that it owes no obligation to defend or indemnify the defendants to this action, including Tradewind, D2 Government Solutions, Inc., Darryl Centanni, and David Ricker, because they failed to timely report the pending litigation against them. The same claims asserted in the underlying action pending in North Carolina state

court were first asserted in a separate lawsuit filed in the United States District Court for the Eastern District of North Carolina in 2021, based on the Underlying Plaintiffs' allegations that a federal question was implicated by their claims – specifically, statutes and regulations regarding the Federal Aviation Administration. Ultimately, after a year and a half of litigation, the underlying plaintiffs determined that there were no federal questions and no other basis for federal jurisdiction, and accordingly re-filed the action in state court on nearly identical claims as those asserted in the original federal action. Only after the state court litigation was filed did the Defendants to this action report the matter to Old Republic for a defense and in doing so, they failed to disclose that the litigation had then been pending for nearly two years at the time of their tendering the action. Because Defendants' failure to notify Old Republic of the action until April 2023 violates the relevant insurance policies' notice provisions, the Defendants were aware of their possible fault no later than August of 2021, and, upon information and belief, the Defendants purposefully and knowingly failed to notify Old Republic of the claim, Old Republic is released from any obligation to defend the Defendants against the underlying action.

## PARTIES, JURISDICTION, AND VENUE

2.     Old Republic is, and at all times relevant to this action was, an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in the State of Illinois. At all times relevant to this action, Old Republic was authorized to engage in the business of insurance in the State of North Carolina.

3.     Upon information and belief, Defendant Tradewind is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located in the State of North Carolina.

4. Upon information and belief, Defendant D2 Government Solutions, Inc. is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located in the State of North Carolina. Upon information and belief, Defendant D2 was formed as a limited liability company under the laws of the state of North Carolina and later converted to a corporation.

5. Upon information and belief, Defendant Centanni is a natural person who is a resident and citizen of the State of Texas. Upon information and belief, Defendant Centanni is and was, at all times relevant to this action, the President of Defendants Tradewind and D2.

6. Upon information and belief, Defendant Ricker is a natural person who is a resident and citizen of the State of Arkansas. Upon information and belief, Defendant Ricker is and was, at all times relevant to this action, the Chief Executive Officer of Defendants Tradewind and D2.

7. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000.

8. Jurisdiction over the defendants is proper pursuant Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C.G.S. § 1-75.4.

9. Defendant Tradewind is a North Carolina corporation with its principal place of business in North Carolina and within this judicial district and is engaged in substantial activity within the state of North Carolina. Defendant Tradewind is therefore subject to this Court's jurisdiction under Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C.G.S. §§ 1-75.4(1)c and 1-75.4(1)d.

10. Defendant D2 is a North Carolina limited liability company with its principal place of business in North Carolina and within this judicial district and is engaged in substantial activity

PD.43351759.3

within the state of North Carolina. Defendant D2 is therefore subject to this Court's jurisdiction under Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C.G.S. § 1-75.4(1)c.

11. Defendant Centanni is, upon information and belief, the President of a North Carolina corporation and a North Carolina limited liability company and is also engaged in substantial activity within the state of North Carolina. Defendant Centanni is accordingly subject to this Court's jurisdiction under Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C.G.S. §§ 1-75.4(1)d and 1-75.4(8). Furthermore, this action arises out of a contract of insurance between Plaintiff Old Republic and Defendant Tradewind and involves claims for acts that occurred in North Carolina such that Defendant Centanni is subject to this Court's jurisdiction under Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C.G.S. §§ 1-75.4(10)b.

12. Defendant Ricker is, upon information and belief, the Chief Executive Officer of a North Carolina corporation and a North Carolina limited liability company and is also engaged in substantial activity within the state of North Carolina. Defendant Centanni is accordingly subject to this Court's jurisdiction under Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C.G.S. §§ 1-75.4(1)d and 1-75.4(8). Furthermore, this action arises out of a contract of insurance between Plaintiff Old Republic and Defendant Tradewind and involves claims for acts that occurred in North Carolina such that Defendant Ricker is subject to this Court's jurisdiction under Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.C.G.S. §§ 1-75.4(10)b.

13. This action properly lies in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because it involves alleged acts that took place within this judicial district, an underlying lawsuit pending in the courts of Craven County, North Carolina (which is located within this judicial district) for which Old Republic seeks a declaration concerning the application of its insurance policy, and the interpretation of an

insurance policy that was issued and delivered in the State of North Carolina to a domestic corporation insured.

14. Pursuant to Rule 40.1(c)(2) of the Local Rules of Practice and Procedure for the Eastern District of North Carolina, this matter is properly assigned to the Eastern Division of this Court, as Defendant Tradewind has its principal office in Craven County, which is assigned to the Eastern Division.

## FACTS

### A. The Old Republic Policies

15. Old Republic issued four consecutive Airport Liability Policies to Tradewind (or its predecessors in interest).

16. Old Republic issued policy number AP 01100602, effective February 14, 2018 to February 14, 2019 to named insureds Tradewind Aviation International, LLC and Tradewind Maintenance, LLC (the "2018-19 Airport Policy"). An entity styled as Tradewind Aviation Aircraft, Inc. was added to this policy as an additional named insured by endorsement. Upon information and belief, Defendant Tradewind is the same entity as that added to this Policy by endorsement.

17. A true, correct, and complete copy of the 2018-19 Airport Policy is attached as **Exhibit 1**.

18. Old Republic issued policy number AP 01100603, effective February 14, 2019 to February 14, 2020 to named insureds Tradewind Aviation International, LLC and Tradewind Maintenance, LLC (the "2019-20 Airport Policy"). The 2019-20 Policy includes a Named Insured Change Endorsement, Form AP206 (01/09), changing the named insured to Defendant Tradewind.

19. A true, correct, and complete copy of the 2019-20 Airport Policy is attached as

**Exhibit 2**.

20. Old Republic issued policy number AP 01100604, effective February 14, 2020 to February 14, 2021 to Defendant Tradewind (the "2020-21 Airport Policy").

21. A true, correct, and complete copy of the 2020-21 Airport Policy is attached as **Exhibit 3**.

22. Old Republic issued policy number AP 01100605, effective February 14, 2021 to February 14, 2022 to Defendant Tradewind (the "2021-22 Airport Policy" and, collectively with the remaining above-described insurance policies, the "Airport Policies").

23. A true, correct, and complete copy of the 2021-22 Airport Policy is attached as **Exhibit 4**.

24. The Airport Policies include an Additional Insured endorsement naming an entity called Onvoi Global Services, LLC as an additional insured to each of the Policies. Upon information and belief, Defendant D2 is the same entity operating under a new name and as a different form of business.

25. The Airport Policies contain the following conditions detailing the Insured's Duties in the Event of Occurrence, Claim or Suit, which provide, in relevant part, as follows:

> **4.** **Insured's Duties in the Event of Occurrence, Claim or Suit.**
>
> (a) In the event of an "occurrence", written notice containing particulars sufficient to identify the "insured" and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the "insured" to the company or any of it [sic] authorized agents as soon as practicable. The "named insured" shall promptly take at his expense all reasonable steps to prevent other "bodily injury" or "property damage" arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.
>
> (b) If a claim is made or suit is brought against the "insured" the "insured" shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
>
> (c) The "insured" shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of

contribution or indemnity against any person or organization who may be liable to the "insured" because of "bodily injury" or "property damage" with respect to which insurance is afforded under this policy; and the "insured" shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The "insured" shall not, except at his own cost voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the accident.

26. Old Republic also issued four consecutive Aviation Liability Policies to Tradewind (or its predecessors in interest).

27. Old Republic issued policy number AVC 003718 02, effective February 14, 2018 to February 14, 2019, to named insureds Tradewind Aviation International, LLC and Tradewind Maintenance, LLC (the "2018-19 Aviation Policy"). An entity styled as Tradewind Aviation Aircraft, Inc. was added to this policy as an additional named insured by endorsement. Upon information and belief, Defendant Tradewind is the same entity as that added to this Policy by endorsement.

28. A true, correct, and complete copy of the 2018-19 Aviation Policy is attached as **Exhibit 5**.

29. Old Republic issued policy number AVC 003718 03, effective February 14, 2019 to February 14, 2020, to Defendant Tradewind (the "2019-20 Aviation Policy").

30. A true, correct, and complete copy of the 2019-20 Aviation Policy is attached as **Exhibit 6**.

31. Old Republic issued policy number AVC 003718 04, effective February 14, 2020 to February 14, 2021, to Defendant Tradewind (the "2020-21 Aviation Policy").

32. A true, correct, and complete copy of the 2020-21 Aviation Policy is attached as **Exhibit 7**.

33. Old Republic issued policy number AVC 003718 05, effective February 14, 2021 to February 14, 2022, to Defendant Tradewind (the "2021-22 Aviation Policy" and, collectively

with the remaining above-described aviation insurance policies, the "Aviation Policies"; the Aviation Policies, together with the Airport Policies, are collectively referred to as the "Policies" or the "Old Republic Policies").

34. A true, correct, and complete copy of the 2021-22 Aviation Policy is attached as **Exhibit 8**.

35. The Aviation Policies contain the following conditions detailing the insured's duties to provide notice to Old Republic in the event of an occurrence, claim, or suit:

> **CONDITIONS**
>
> **APPLICABLE TO COVERAGES A, B, C AND D (BODILY INJURY AND PROPERTY DAMAGE)**
>
> **1. NOTICE OF OCCURRENCE.** When an occurrence takes place written notice shall be given by or on behalf of the Insured to the Company at their nearest office as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses.
>
> **2. NOTICE OF CLAIM OR SUIT.** If a claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

36. The 2021-22 Aviation Policy includes a Named Insured Change endorsement amending the named insured to be Defendant D2.

### B. The Underlying Actions

37. Joshua Arnold, Joshua Broner, Robert Clement, Thomas DeBatt, Austin Eubanks, Gauthier Kabengele, Matthew Lambert, and Brandon Marsteller (the "Underlying Plaintiffs") originally filed suit against Tradewind, D2, Centanni, Ricker, Onvoi, LLC, Wally Calabrese, and The Trustees of Craven Community College in the United States District Court for the Eastern District of North Carolina on July 2, 2021 (the "Federal Action"). The Federal Action was styled as *Joshua Arnold, et al. v. Tradewind Flight Services, Inc., et al.*, assigned case number 4:21-cv-00091, and was assigned to the Eastern Division of the Court.

38. Tradewind waived service of process in the Federal Action on August 23, 2021.

39. D2 waived service of process in the Federal Action on August 23, 2021.

40. Centanni was served with process in the Federal Action on July 25, 2021.

41. Ricker waived service of process in the Federal Action on August 23, 2021.

42. In the Federal Action, the Underlying Plaintiffs generally alleged that the defendants, including the Defendants to this action, engaged in a series of misrepresentations regarding the education and training that students, such as the Underlying Plaintiffs, would receive after enrolling in a flight training program designed and operated by the defendants. The program was offered through Craven Community College. The Underlying Plaintiffs alleged that the defendants failed to acquire the certifications required by the Federal Aviation Administration that would have allowed the training through the program to count toward commercial piloting licensure and lacked resources and equipment to provide adequate training, yet nonetheless advertised it to prospective students, who enrolled in the program.

43. Based on those allegations, the Underlying Plaintiffs asserted claims in the Federal Action for Unfair and Deceptive Trade Practices pursuant to N.C.G.S. § 75-1.1, unjust enrichment, constructive fraud, breach of contract on a third-party beneficiary theory, negligent infliction of emotional distress, and fraud in the inducement against Tradewind, D2, Centanni, and Ricker (among other claims asserted against other defendants only).

44. None of the Defendants reported the initiation of the Federal Action to Old Republic at or around the time of its filing.

45. None of the Defendants ever reported the existence of the Federal Action to Old Republic at any time.

46. The Defendants defended themselves against the Federal Action for its entire

duration, a period of more than 20 months, without reporting the suit or requesting a defense from Old Republic.

47. Extensive discovery took place in the Federal Action, including, upon information and belief, 13 depositions.

48. On November 9, 2022, the Underlying Plaintiffs moved to voluntarily dismiss the Federal Action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure based on the absence of subject matter jurisdiction.

49. On November 21, 2022, the Underlying Plaintiffs filed a substantially similar action arising out of the same set of operative facts against the same set of defendants, including the Defendants to this action, in the General Court of Justice, Superior Court Division for Craven County, North Carolina (the "State Action"). The State Action is styled as *Joshua Arnold, et al. v. Tradewind Flight Services, Inc., et al*. and is pending as case number 22-CVS-01525 in Craven County Superior Court.

50. Upon information and belief, based on the Federal Court's then-pending consideration of the Underlying Plaintiffs' motion to voluntarily dismiss the Federal Action, counsel for the Underlying Plaintiffs extended the State Action defendants, including the Defendants to this action, an indefinite extension of time to respond to the complaint in the State Action.

51. On April 14, 2023, Tradewind, D2, Centanni, and Ricker first reported the existence of the Underlying Plaintiffs' claims against them to Old Republic and tendered the complaint in the State Action to Old Republic for its consideration under the Policies for a potential defense against the State Action.

52. None of the Defendants reported the allegations asserted by Underlying Plaintiffs

until April 14, 2023.

53. Old Republic's receipt of the State Action in April 2023 was its first actual notice of the existence of pending litigation against Tradewind, D2, Centanni, or Ricker.

54. In tendering the State Action to Old Republic, Defendants did not disclose the existence of the Federal Action, which remained pending at the time Defendants tendered the State Action to Old Republic.

55. In fact, the Defendants affirmatively obscured the existence of the Federal Action by representing to Old Republic that the Underlying Plaintiffs had extended the indefinite extension of time to respond to the complaint in order to allow for resolution of insurance coverage issues. As described above, however, upon information and belief, the Underlying Plaintiffs had offered the extension to allow for the Federal Court's consideration and ruling on the then-pending motion to voluntarily dismiss the Federal Action.

56. Despite Defendants' failure to disclose and attempts to obscure the existence of the Federal Action, Old Republic became aware of its existence during the course of evaluating the State Action for potential obligations under the Policies.

57. On May 20, 2023, the Federal Court granted the Underlying Plaintiffs' motion to dismiss the Federal Action.

58. Upon information and belief, shortly thereafter, counsel for the Underlying Plaintiffs indicated that the indefinite extension of time to respond to the Complaint in the State Action was withdrawn and that the defendants to the State Action, including the Defendants to this action, had 21 days to respond to the Complaint. Based on the Underlying Plaintiffs' initiation of the 21-day period, the Defendants were given until June 12, 2023 during which to file a response.

59. Old Republic evaluated the Complaint in the State Action for potential coverage

under the Policies.

60. Based on the allegations in the State Action, Old Republic proceeded to defend Defendants Tradewind and D2 against the State Action pursuant to a reservation of rights under the Airport Policies.

61. A true, correct, and complete copy of Old Republic's June 13, 2023 reservation of rights letter to Tradewind is attached as **Exhibit 9**.

62. A true, correct, and complete copy of Old Republic's June 13, 2023 reservation of rights letter to D2 is attached as **Exhibit 10**.

63. Old Republic also agreed to offer a courtesy defense to Defendants Centanni and Ricker, subject to a reservation of rights.

64. A true, correct, and complete of Old Republic's June 13, 2023 reservation of rights letter to Centanni is attached as **Exhibit 11**.

65. A true, correct, and complete of Old Republic's June 13, 2023 reservation of rights letter to Ricker is attached as **Exhibit 12**.

66. On July 12, 2023, the Underlying Plaintiffs filed a First Amended Complaint in the State Action. As of the date of the filing of this complaint, Underlying Plaintiffs' First Amended Complaint is the operative complaint in the State Action.

67. A true, correct, and complete copy of the Underlying Plaintiffs' First Amended Complaint in the State Action is attached as **Exhibit 13**.

68. Based on the allegations in the First Amended Complaint, Old Republic agreed to continue defending Tradewind, D2, Centanni, and Ricker under the Airport Policies, all under a reservation of rights.

69. A true, correct, and complete copy of Old Republic's September 26, 2023

supplemental reservation of rights letter to Tradewind regarding the First Amended Complaint is attached as **Exhibit 14**.

70. A true, correct, and complete copy of Old Republic's September 26, 2023 supplemental reservation of rights letter to D2 regarding the First Amended Complaint is attached as **Exhibit 15**.

71. A true, correct, and complete copy of Old Republic's September 26, 2023 reservation of rights letter to Centanni regarding the First Amended Complaint is attached as **Exhibit 16**.

72. A true, correct, and complete copy of Old Republic's September 26, 2023 reservation of rights letter to Ricker regarding the First Amended Complaint is attached as **Exhibit 17**.

73. Old Republic continues to provide a defense under the Airport Policies to Tradewind, D2, Centanni, and Ricker as of the date of this filing.

### CLAIM FOR RELIEF
**(Declaratory Judgment)**

74. Old Republic restates, realleges, and incorporates by reference its allegations stated in paragraphs 1-73 as though set forth fully herein.

75. A dispute has arisen with respect to the parties' respective duties, rights, and obligations under the Old Republic Policies with respect to the State Action.

76. Old Republic requests that this Court declare the rights, obligations, and liabilities of the parties under the Policies with respect to the Underlying Plaintiffs' claims against Defendants in the pending State Action. Specifically, Old Republic is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that Defendants violated the Old Republic Policies' notice conditions with respect to

the underlying litigation by failing to report the existence of pending claims against them until nearly two years after a lawsuit had been filed.

77. Defendants were aware of Underlying Plaintiffs' claims against them, at latest, in August of 2021, upon service of the State Action.

78. Defendants did not notify Old Republic of the claims until April 14, 2023.

79. Thus, Defendants did not give Old Republic notice of the claims immediately or as soon as practicable.

80. Defendants did not act in good faith in failing to report the claims to Old Republic. Defendants were aware of their possible fault by virtue of having received service of a lawsuit alleging their fault and causing damages to the Underlying Plaintiffs. Further, Defendants knowingly and purposefully failed to notify Old Republic of the existence of the claims and the lawsuit. Defendants affirmatively attempted to conceal their previous failure to report the claims by mischaracterizing their indefinite extension of time to respond to the State Action as being related to insurance coverage issues rather than to the federal court's pending decision on the Underlying Plaintiffs' motion to dismiss the Federal Action for lack of subject matter jurisdiction.

81. Even if Defendants acted in good faith in failing to report the claims to Old Republic, the delay in notice has materially prejudiced Old Republic's ability to investigate and defend the claims, which are rights granted to Old Republic in the Policies.

82. As a result, Defendants violated the Policies' notice requirement as set forth in the conditions of the respective Policies, and Old Republic has no duty to defend Defendants against the State Action, no duty to settle the claims on Defendants' behalf, and no obligation to indemnify Defendants against any resulting judgment.

83. Upon information and belief, Defendants dispute Old Republic's position that

Defendants violated the Policies' notice condition.

84. Old Republic notified each of the Defendants of the potential applicability of the Policies' terms, conditions, limitations, and exclusions to the State Action, including the Policies' conditions and Defendants' violation of the notice conditions as a result of their failure to timely report the claims to Old Republic, and reserved all rights under the Policies, at law, and in equity, including the right to initiate litigation to determine its duties to Defendants, in its reservation of rights correspondence to each of the Defendants.

85. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will resolve the controversy between them as to these insurance coverage issues.

86. Accordingly, Old Republic respectfully requests that this Court declare the relative rights, duties, and obligations of the parties to this action with respect to the Policies' respective notice conditions. Old Republic requests that the Court declare that Old Republic has no further obligation to provide coverage to Defendants under the Policies as to the State Action, including any duty to defend, settle, or indemnify Defendants against Underlying Plaintiffs' claims against them in the State Action because of Defendants' violation of the Policies' respective conditions.

WHEREFORE, Plaintiff Old Republic Insurance Company respectfully requests that the Court:

1. Declare and decree that Defendants' violation of the Policies' notice conditions relieves Old Republic of any duty to defend Defendants against the State Action or indemnify them for any settlement or judgment as may be reached in the State Action, and enter an order permitting Old Republic to withdraw from its defense of Defendants in the State Action;

2. Deny Defendants any recovery in this action; and

3. Award Old Republic such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 19th day of December, 2023.

        */s/ Anna Cathcart*
Anna Cathcart, NC Bar No. 49691
PHELPS DUNBAR LLP
4141 Parklake Ave.; Suite 530
Raleigh, North Carolina 27612
Telephone: 919 789 5300
Facsimile: 919 789 5301
Email: anna.cathcart@phelps.com

*Attorneys for Plaintiff Old Republic Insurance Company*