# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Case No. 4:23-cv-205-BO-KS

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| TRADEWIND FLIGHT SERVICES, INC., D2 GOVERNMENT SOLUTIONS, INC., DARRYL CENTANNI, and DAVID RICKER, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## CONSENT DECLARATORY JUDGMENT

This matter comes before the Court on the Joint Stipulation for Consent Declaratory Judgment signed by counsel for Plaintiff Old Republic Insurance Company ("Old Republic") and Defendants Tradewind Flight Services, Inc. ("Tradewind"), D2 Government Solutions, LLC (improperly named in the Complaint as "D2 Government Solutions, Inc."), Darryl Centanni, and David Ricker ("Tradewind Parties"). The Court finds the Stipulation to be the product of voluntary consent by Tradewind Parties and well taken. The Court hereby ORDERS as follows:

1. Old Republic issued consecutive Airport Liability Policies to Tradewind (or its predecessors in interest) including the following: Policy No. AP 01100602 (effective February 14, 2018 to February 14, 2019), Policy No. AP 01100603 (effective February 14, 2019 to February 14, 2020), Policy No. AP 01100604 (effective February 14, 2020 to February 14, 2021), and Policy No. AP 01100605 (effective February 14, 2021 to February 14, 2022) (collectively, the "Airport Policies").

2. Old Republic also issued consecutive Aviation Liability Policies to Tradewind (or its predecessors in interest) including the following: Policy No. AVC 003718 02 (effective February 14, 2018 to February 14, 2019), Policy No. AVC 003718 03 (effective February 14, 2019 to February 14, 2020), Policy No. AVC 003718 04 (effective February 14, 2020 to February 14, 2021), and AVC 003718 05 (effective February 14, 2021 to February 14, 2022) (collectively, the "Aviation Policies").

3. Tradewind Parties breached certain notice conditions in the Airport Policies and the Aviation Policies by failing to provide prompt notice of claims asserted against Tradewind Parties related to their involvement in a flight training program offered through Craven Community College ("Craven Flight Program").

4. Tradewind Parties did not report the claims to Old Republic until more than 20 months after a lawsuit was first filed against them asserting those claims.

5. Tradewind Parties had actual knowledge that claims had been asserted against them, yet purposefully and knowingly failed to notify Old Republic. Accordingly, Tradewind Parties' delayed notification relieves Old Republic of any duties under the Airport Policies and the Aviation Policies pursuant to the test set forth in *Great American Insurance Co. v. C.G. Tate Construction Co.*, 315 N.C. 714, 340 S.E.2d 743 (N.C. 1986).

6. Old Republic has no duty under the Airport Policies or the Aviation Policies to provide defense or indemnity to Tradewind Flight Services, Inc., D2 Government Solutions, LLC, Darryl Centanni, or David Ricker with respect to the lawsuit captioned *Joshua Arnold,* et al. *v. Tradewind Flight Services, Inc.,* et al., and assigned Case No. 22-CVS-01525, pending in Craven County, North Carolina Superior Court, nor any other claims related to Tradewind Parties' involvement in the Craven Flight Program.

SO ORDERED, this 7 day of April, 2025.

_____
The Honorable Terrence W. Boyle
United States District Judge